■ WARD TELECOMMUNICATIONS AND COMPUTER SERVICES, INC., Respondent-Appellant v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 57961.)—Cross appeals from a judgment in favor of claimant, entered September 3, 1975, upon a decision of the Court of Claims. In the spring of 1971 the State Comptroller's office performed an audit of the North Country Community College pursuant to authority contained in section 1 of article V of the State Constitution and section 8 of the State Finance Law. The report of the audit, made public in the spring of 1973, contained an assertion, which claimant maintains is libelous, that certain computer services provided to the college were excessively costly. In finding for the claimant the Court of Claims rejected the State's contention of absolute privilege for the Comptroller on the ground that the privilege did not apply to "routine audit reports prepared by auditors of the State Department of Audit and Control".

This determination was erroneous, as a matter of law. There is no question that the Comptroller is "empowered by law with substantial responsibilities for the performance of governmental functions of high importance" *(Stukuls v State of New York,* 53 AD2d 368) and thus entitled to an absolute privilege in the performance of those functions. The issuing of the audit here involved is clearly in furtherance of the duties enjoined upon him under the Constitution (NY Const, art V) and applicable laws (State Finance Law, § 8; General Municipal Law, § 34) and since it emanated from his office even if prepared by the Department of Audit and Control, it is entitled to the cloak of absolute privilege *(Cheatum v Wehle,* 5 NY2d 585; see, also, *Lombardo v Stoke,* 18 NY2d 394; *Sheridan v Crisona,* 14 NY2d 108; *Stukuls v State of New York, supra).* Accordingly, the judgment must be reversed, on the law, and the claim dismissed. We pass on no other issues. Judgment reversed, on the law, and the claim dismissed, with costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Reynolds, JJ., concur.